IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Clarence Cohen,<br><br>        Plaintiff,<br><br>vs.<br><br>Feyen Zylstra, Inc. and Bryan Perkins,<br><br>        Defendants. | Civil Action No.: 2:23-cv-00624-DCN-MHC<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

The Plaintiff above named, complaining of the acts of the above-named Defendants, states as follows:

PARTIES AND JURISDICTION

1. Plaintiff, Clarence Cohen ("Plaintiff"), is a resident and citizen of the County of Charleston, State of South Carolina.

2. Upon information and belief, the Defendant Feyen Zylstra, Inc., ("FZI") is a limited liability company with its principal place of business in the State of Michigan. FZI does business and maintains offices and agents in the County of Charleston, State of South Carolina.

3. Upon information and belief, Defendant Bryan Perkins, ("Perkins") is a resident and citizen of the County of Charleston, South Carolina.

4. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331, 42 U.S.C. §2000e ("Title VII"), and 42 U.S.C. §1981.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

6. Venue for all causes of action stated herein lies in the District of South Carolina, Charleston Division pursuant to 28 U.S.C. §1391(b), in that the Plaintiff and Perkins reside in the district, FZI

does business in the district, and a substantial part of the events giving rise to Plaintiff's claims occurred in the district.

7. FZI is an employer with 15 or more employees and otherwise subject to Title VII.

8. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission ("SCHAC") alleging discrimination based upon color, race, and national origin. Plaintiff's charge of discrimination also included an allegation of retaliation.

9. On or about January 9, 2023, Plaintiff received a right to sue notice from the EEOC regarding the complaint described above.

10. That Plaintiff timely filed the foregoing action within ninety (90) days of the date on which he received the notice of right to sue described above.

11. Plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of this action.

12. Plaintiff is a black American.

13. In or around September 2019, Plaintiff was hired by FZI as an electrician.

14. In or around December 2019, Gary Perkins ("Perkins") became Plaintiff's direct supervisor.

15. While employed with FZI, Plaintiff received training from FZI employees on its policies.

16. While Plaintiff was employed with FZI, he noticed the procedures he was being taught contradicted FZI's organizational Core Values, OSHA standards, and other standard practices.

17. By way of example, Plaintiff was improperly trained on the safe and proper use of ladders and safety equipment. Plaintiff was also improperly trained on safe and proper electrical installation practices.

18. When Plaintiff attempted to question these incorrect and unsafe practices, he was told by his supervisor, job-site foremen, and other FZI employees that Plaintiff should "do what [he] is told without question."

19. Plaintiff began to fear FZI would terminate his employment for attempting to follow proper procedures and reluctantly engaged in some unsafe and improper practices at the direction of FZI employees.

20. In July 2021, Plaintiff complained to FZI human resources about race discrimination. Specifically, Plaintiff complained he was being paid less than his white coworkers.

21. Subsequent to making a complaint of discrimination, Plaintiff was subjected to a campaign of discriminatory, retaliatory, and defamatory treatment by Defendants.

22. By way of example, and in violation of FZI policies, Defendants intentionally placed Plaintiff alone at job sites, forced Plaintiff to perform services on behalf of FZI without assistance when proper procedure required a team approach, and required Plaintiff to engage in unsafe practices "without question."

23. By way of further example, Defendant allowed FZI employees to wear prescription eye glasses while working. After he made complaints of discrimination, Defendants informed Plaintiff he was no longer allowed to wear his prescription glasses at work, even if he had "safety shields."

24. Other FZI employees were allowed to wear prescription glasses even without "safety shields." Plaintiff was informed he was no longer allowed to wear his prescription eyewear, even

if they had "safety shields." Plaintiff complied with Defendants' demand and purchased a pair of specialty safety goggles.

25. Defendants further retaliated against Plaintiff by requiring Plaintiff to work in conditions Defendant knew were dangerous and violated FZI policies and other standards. By way of further example, Defendants ordered Plaintiff to work in areas Defendants knew contained asbestos, forced Plaintiff for conduct electrical work on panels that were "hot," or were not properly disconnected prior to manipulation, and undertook other acts in violation of FZI policies and widely known standards for electricians in an effort to have Plaintiff injured, disciplined, or terminated.

26. By way of further example, Defendants manipulated Plaintiff's work assignments in an effort to ensure he would violate FZI policies in an attempt to negatively affect Plaintiff's reputation and have Plaintiff injured, disciplined, or terminated.

27. In or about April 2022, Plaintiff complained to his supervisor and Defendants' human resources department that he was being treated differently than other non-white employees and other employees who did not make complaints about race discrimination.

28. Defendants did not investigate Plaintiff's complaint of retaliation in violation if its policies.

29. Subsequent to Plaintiff's complaints of discrimination, Defendants, including but not limited to Perkins, continued their campaign of retaliation against Plaintiff.

30. Defendants' retaliation included making false statements to third parties about Plaintiff. Specifically, Perkins told other FZI employees that Plaintiff threatened to physically harm him. This statement was false.

31. Further, Perkins directly told FZI employees, implied, or used words to the effect that Plaintiff was unfit to be an electrician or journeyman, "a trouble maker," "a problem," "volatile," and/or "unstable."

32. Prior to making complaints about discrimination and unsafe work practices, Plaintiff had not received any disciplinary actions and was meeting his employer's reasonable expectations.

33. On or about May 4, 2022, Defendants further retaliated against Plaintiff by terminating his employment with FZI. In its termination letter, Defendants gave Plaintiff no reason for his termination.

34. Subsequent to receiving notice his employment was terminated, Plaintiff was informed by FZI's human resources department FZI would take no action to contest Plaintiff's claim for unemployment benefits.

35. After Plaintiff filed for unemployment, Perkins contacted the South Carolina Department of Employment and Workforce to oppose Plaintiff's claim for unemployment benefits on behalf of FZI including making the false statement that FZI was contesting Plaintiff's claim for unemployment benefits.

FOR A FIRST CAUSE OF ACTION
VIOLATION OF TITLE VII
DISCRIMINATION BASED ON RACE/COLOR
(Against Defendant FZI)

36. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

37. Defendants discriminated against Plaintiff based on Plaintiff's race and color.

38. Defendants treated Plaintiff differently that other employees outside of his protected class.

39. Other employees outside of Plaintiff's protected class were not disciplined for engaging in similar conduct as Plaintiff.

40. Defendants intentionally failed to investigate Plaintiff's claims of discrimination, hostile work environment and retaliation and intentionally failed to address Plaintiff's complaints regarding race discrimination due to Plaintiff's race.

41. Plaintiff was subject to discrimination and discharged in Violation of Title VII.

42. At the time Plaintiff was discharged from his employment, he was performing the functions of his employment in a matter which met his employer's expectations.

43. As result of Defendants' actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

44. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and he is entitled to recover punitive damages from the Defendants.

FOR A SECOND CAUSE OF ACTION:
VIOLATION OF TITLE VII
RETALIATION
(Against Defendant FZI)

45. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

46. That as alleged above, Plaintiff complained to FZI on several occasions that he was being subjected to discrimination and a hostile work environment based on his race and color.

47. That Plaintiff's complaints were made in good faith, and constitute protected activity under Title VII.

48.     Subsequent to and in retaliation for Plaintiff making complaints, Defendants created and continued to allow Plaintiff's work environment to be hostile.  Such retaliatory and hostile conduct includes the conduct described above.

49.     That as a result of Defendants' retaliatory conduct, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

50.     Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendants.

FOR A THIRD CAUSE OF ACTION:
VIOLATION OF TITLE VII
HOSTILE WORK ENVIRONMENT
(Against Defendant FZI)

51.     Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

52.     During Plaintiff's employment, and as a result of making complaints about race discrimination, Defendants crated a hostile work environment that consisted of by requiring Plaintiff to work in conditions Defendants knew were dangerous and violated FZI policies and other standards.  By way of further example, Defendants ordered Plaintiff to work in areas Defendants knew contained asbestos, forced Plaintiff for conduct electrical work on panels that were "hot," or were not properly disconnected prior to manipulation, and undertook other acts in

violation of FZI policies and widely known standards as a journeyman or electrician in an effort to have Plaintiff injured, disciplined, or terminated.

53. By way of further example, Defendants manipulated Plaintiff's work assignments in an effort to ensure he would violate FZI policies in an attempt to negatively affect Plaintiff's reputation and have Plaintiff injured, disciplined, or terminated.

54. Defendants' conduct as described above was unwelcome.

55. The harassment and hostile work environment described above was because of Plaintiff's race.

56. The harassment described above was based on Plaintiff's race and color.

57. Plaintiff was subject to additional harassment described above because Plaintiff made complaints about discrimination and retaliation.

58. Perkins' actions humiliated Plaintiff, unreasonably interfered with his work performance, affected the terms, conditions, and privileges of his employment and otherwise caused Plaintiff severe psychological and physical harm.

59. The hostile environment was sufficiently severe and pervasive to alter the conditions of his employment. Specifically, Defendants knew about, created, cultivated, and allowed the work environment to be hostile to Plaintiff based on his race, color, national origin, and in retaliation for making complaints protected under Title VII.

60. In further creating a hostile work environment Defendants made an example out of Plaintiff by terminating Plaintiff's employment in retaliation for engaging in activity protected under Title VII.

61. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered

severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

62. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendants.

FOR A FOURTH CAUSE OF ACTION:
VIOLATION OF 42 U.S.C. 1981
DISCRIMINATION
(Against All Defendants)

63. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

64. Defendants discriminated against Plaintiff based on Plaintiff's race and color.

65. Other employees outside of Plaintiff's protected class were not disciplined for engaging in similar conduct as Plaintiff.

66. Plaintiff was subjected to disciplinary actions and terminated because of his race and color.

67. But for Plaintiff's race or color, he would not have been subject to the adverse employment actions described above.

68. FZI intentionally failed to investigate Plaintiff's claims of discrimination, hostile work environment and retaliation.

69. Plaintiff's supervisors intentionally failed to address Plaintiff's complaints regarding race discrimination and retaliation due to Plaintiff's race.

70. Plaintiff was subject to discrimination and discharged in violation of 42 U.S.C. §1981.

71. At the time Plaintiff was discharged from his employment, he was performing the functions of his employment in a matter which met his employer's expectations.

72. As result of Defendants' actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

73. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and he is entitled to recover punitive damages from the Defendants.

FOR A FIFTH CAUSE OF ACTION:
VIOLATION OF 42 U.S.C. 1981
RETALIATION
(Against All Defendants)

74. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

75. That as alleged above, Plaintiff complained to FZI on several occasions that he was being harassed and discriminated against because of his race.

76. That Plaintiff's complaints were made in good faith, and constitute protected activity under 42 U.S.C. §1981.

77. Subsequent to and in retaliation for Plaintiff making complaints, FZI continued to allow Plaintiff's work environment to be hostile.

78. FZI terminated Plaintiff's employment in retaliation for engaging in activity protected under 42 U.S.C. §1981.

79. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

80. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendants.

FOR A SIXTH CAUSE OF ACTION:
VIOLATION OF 42 U.S.C. 1981
HOSTILE WORK ENVIRONMENT
(Against All Defendants)

81. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

82. During Plaintiff's employment, and as a result of making complaints about race discrimination, Defendants crated a hostile work environment that consisted of by requiring Plaintiff to work in conditions Defendant knew were dangerous and violated FZI policies and other standards. By way of further example, Defendants ordered Plaintiff to work in areas Defendants knew contained asbestos, forced Plaintiff for conduct electrical work on panels that were "hot," or were not properly disconnected prior to manipulation, and undertook other acts in violation of FZI policies and widely known standards as a journeyman or electrician in an effort to have Plaintiff injured, disciplined, or terminated.

83. By way of further example, Defendants manipulated Plaintiff's work assignments in an effort to ensure he would violate FZI policies in an attempt to negatively affect Plaintiff's reputation and have Plaintiff injured, disciplined, or terminated.

84. Defendants' conduct as described above was unwelcome.

85. The harassment and hostile work environment described above was because of Plaintiff's race.

86. Plaintiff was subject to additional harassment described above because Plaintiff made complaints about race discrimination and retaliation.

87. But for Plaintiff's race, Defendants would have properly investigated Plaintiff's complaints, and would not have allowed the hostile environment to continue.

88. In further creating a hostile work environment Defendants made an example out of Plaintiff by terminating Plaintiff's employment in retaliation for engaging in activity protected under 42 U.S.C. §1981.

89. Defendants' behavior humiliated Plaintiff, unreasonably interfered with his work performance, affected the terms, conditions, and privileges of his employment and otherwise caused Plaintiff severe psychological and physical harm.

90. The hostile environment was sufficiently severe and pervasive to alter the conditions of his employment. Specifically, FZI knew about, created, cultivated, and allowed Plaintiff's work environment to be hostile.

91. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing,

character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

92. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendants.

FOR A SEVENTH CAUSE OF ACTION
CIVIL CONSPIRACY
(Against All Defendants)

93. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

94. Defendant Perkins, in combination with other persons, combined to injure the Plaintiff by way of the unlawful acts described in the Paragraphs above by unlawful means by allowing employees to engage in acts outside the course and scope of their employment that caused injury to Plaintiff. These acts include, but are not limited to, conspiring with others to create a hostile work environment, discriminate against Plaintiff, and cause Plaintiff to be terminated from his employment because he raised questions about FZI employees violating certain policies, because Plaintiff is a black American, and because Plaintiff complained of discrimination, retaliation, and a hostile work environment.

95. Defendant Perkins, in combination with other persons, combined to injure the Plaintiff through lawful acts by unlawful means by engaging and allowing employees to engage in acts outside the course and scope of their employment that caused injury to Plaintiff. These acts include, but are not limited to, Perkins spreading false statements about Plaintiff unfairly and improperly disciplining Plaintiff.

96. In furtherance of the conspiracy, Defendants manipulated Plaintiff's work assignments in an effort to ensure he would violate FZI policies in an attempt to negatively affect Plaintiff's reputation and have Plaintiff injured, disciplined, or terminated.

97. Perkins, combined with others, knowingly assigned Plaintiff tasks set at benchmarks that were impossible or nearly impossible to meet in order to have Plaintiff's employment with FZI to be terminated.

98. The acts of Defendants and their conspirators were undertaken for the specific and intentional purpose of harming Plaintiff.

99. As a result of Defendants' actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

100. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, and maliciously.  Therefore, Plaintiff is entitled to recover punitive damages from Defendants.

<u>FOR AN EIGHTH CAUSE OF ACTION</u>
<u>DEFAMATION</u>
(Against All Defendants)

101. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

102. Perkins, in his individual capacity and as an agent of FZI, through words and actions, made false and defamatory statements to third parties about Plaintiff.

103. The statements and actions of Perkins directly and indirectly implied Plaintiff was unfit for his business or profession. Specifically, Perkins implied or used words to the effect that Plaintiff was unfit to be an electrician or journeyman and that Plaintiff was "a trouble maker," "a problem," "volatile," and/or "unstable."

104. The malicious statements and insinuations made by Perkins are defamatory *per se.*

105. The malicious statements and insinuations made by Perkins are defamatory *per quod.*

106. As a result of FZI's actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks punitive damages, attorney's fees and costs and prejudgment interest.

FOR A NINTH CAUSE OF ACTION
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against All Defendants)

107. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

108. By purposefully berating, demeaning, and defaming Plaintiff in the presence FZI employees and others, Defendants intentionally and recklessly inflicted severe emotional distress on Plaintiff, or was certain, or substantially certain, that such distress would result from his conduct.

109. By willfully allowing Perkins to berate, demean, and defame Plaintiff in the presence FZI employees and others, Defendants intentionally and recklessly inflicted severe emotional distress on Plaintiff, or was certain, or substantially certain, that such distress would result from his

conduct.

110. The conduct of Defendants was so extreme and outrageous that is exceeded all possible bounds of decency, was atrocious, and is utterly intolerable in a civilized community.

111. Defendants' conduct caused Plaintiff to suffer extreme and severe emotional distress such that no reasonable person could be expected to endure it.

112. As a direct and proximate result of the actions of Defendants, Plaintiff sustained damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks punitive damages, attorney's fees and costs and prejudgment interest.

FOR A TENTH CAUSE OF ACTION
NEGLIGENT SUPERVISION
(Against FZI)

113. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

114. FZI failed to properly supervise its employees who intentionally caused harm to Plaintiff by creating a hostile environment, retaliating against Plaintiff, and discriminating against Plaintiff while on FZI's premises. Such harm included, but is not limited to, FZI's employees berating Plaintiff, making false statements about Plaintiff, forcing Plaintiff to work in dangerous conditions, and limiting Plaintiff's ability to earn a living.

115. FZI knew or had reason to know it had the ability to control its employees and prevent Plaintiff from being subjected to the harms described above.

116. FZI knew or had reason to know of the necessity and opportunity to exercise control of the employees that were subjecting Plaintiff to the harms described above.

117. As a result of FZI's actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

118. FZI's actions as set forth above were undertaken negligently, willfully, wantonly, recklessly, and maliciously. Therefore, Plaintiff is entitled to recover punitive damages from FZI.

WHEREFORE, requests a jury trial for each cause of action and Plaintiff prays for the following relief against Defendants: for such amount of actual and special damages as the trier of fact may find, (including lost back and future wages, income and benefits, expenses associated with finding other work, severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and physical and personal injuries), punitive damages, the cost and disbursements of this action, including reasonable attorneys' fees, prejudgment interest and for such other and further relief as the court deems just and proper.

*~ signature page to follow ~*

            RESPECTFULLY SUBMITTED,

            GAFFNEYLEWIS LLC

            s/*Emmanuel J. Ferguson, Sr.*
            Emmanuel J. Ferguson, Sr.
            Federal Bar #11941
            3700 Forest Drive, Suite 400
            Columbia, South Carolina 29204
            (803) 875-1925  telephone
            (803) 790-8841  facsimile
            eferguson@gaffneylewis.com

            *Attorney for Plaintiff*

February 14, 2023

Charleston, South Carolina